UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

PAUL SCHUMACHER,                                             CASE NO.:

    Plaintiff,

v.

EDWARD LEVITAN,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant EDWARD LEVITAN, pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, with full reservation of all defenses, hereby removes this action from the Justice Court, Precinct 2, Bryan, Brazos County, Texas, to the United States District Court for the Southern District of Texas, Houston Division. In support of this Notice of Removal, Defendant states as follows:

**I.    Background**

1. On or about March 1, 2016, Plaintiff Paul Schumacher filed a Petition instituting this lawsuit in the Justice Court, Precinct 2, Bryan, Brazos County, Texas, Cause No. 2016-40129S (the "Petition"). A true and correct copy of the Petition and the accompanying papers, including the Citation, is attached hereto as Exhibit "A."

2. The suit arises from alleged telephone calls to Plaintiff's cellular telephone "being made" for "Celebration Cruise Line," which Plaintiff alleges violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and related federal regulations. Plaintiff names as Defendant Edward Levitan, who he alleges owns or manages "Celebration Cruise Line."

3. On March 31, 2016, Levitan was personally served with a copy of the Petition and an accompanying Citation.

4. Pursuant to the Citation, Levitan's answer in the Justice Court "is due by the end of the 14th day after the day you were served with these papers."

5. Levitan now timely removes this action to this Court.

## II. Basis for Jurisdiction

6. This Court has jurisdiction over this removed action pursuant to 28 U.S.C. §§ 1331 and 1441(a). This claim could have been originally filed in this Court pursuant to 28 U.S.C. § 1331, as this Court has original jurisdiction over all civil actions arising under the "Constitution, laws, or treaties of the United States." Plaintiff's Complaint asserts violations of the TCPA and associated federal regulations. *See* Ex. A ("Each call contained multiple violations of the Telecommunications [sic] Consumer Protection Act (TCPA) . . . . Each of these separate violations per call carries a liability of $500-1500 under the Telecommunications [sic] Consumer Protection Act, including TCPA 47 USC 227(b)(1)(A)(iii); 47 CFR 64.1200(c)(2); and 16 CFR 310.4(b)(iii)(A)."). As such, this Court has federal question jurisdiction over this matter.

7. Indeed, pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Thus, this Court has federal question jurisdiction.

8. The Supreme Court of the United States in *Mims v. Arrow Financial Services LLC*, 132 S. Ct. 740, 747-53 (2012), addressed the issue of whether the federal district courts

have jurisdiction over TCPA claims, holding that such a claim is, in fact, one that "arises under the laws of the United States."

9. Based upon the foregoing, this Court has federal question jurisdiction over this action and venue is proper in this Court.

### III.   Notice Given

10. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff, and a copy will be promptly filed with the Clerk of the Justice Court, Precinct 2, Bryan, Brazos County, Texas.  A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit "B."

### IV.   Removal is Timely Filed

11. This Notice has been timely filed within thirty (30) days of Defendants' receipt of the filed Complaint on March 31, 2016, as required by 28 U.S.C. § 1446(b)(2).

### V.   Pleadings and Process

12. As required by 28 U.S.C. § 1446(a), copies of all state court process and pleadings are attached to this Notice of Removal as part of Exhibit "A."

13. As required by Southern District of Texas Local Rule 81(4), a copy of the docket sheet is attached hereto as Exhibit "C."

### VI.   Venue

14. Pursuant to 28 U.S.C. § 1441(a), venue in this District Court is proper because this action is currently pending in the Justice Court, Precinct 2, Bryan, Brazos County, Texas, which is in the same District as the United States District Court for the Southern District of Texas, Houston Division.

**VII.      Non-Waiver of Defenses**

15.    Nothing in this Notice shall be interpreted as a waiver or relinquishment of Defendant's rights to assert any defense or affirmative matter, including, without limitation, motions to dismiss pursuant to Federal Rule of Civil Procedure 12.

ACCORDINGLY, pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, this Court has jurisdiction over this matter, and Defendant EDWARD LEVITAN hereby removes this action from the Justice Court, Precinct 2, Bryan, Brazos County, Texas, to this Court.

Dated: April 13, 2016                              Respectfully Submitted,

*/s/Joseph A. Garnett*
Sheehy, Ware & Pappas, P.C.
Joseph A. Garnett
Texas Bar No. 07680600
Federal ID No. 8307
909 Fannin Street
Suite 2500
Houston, Texas 77010
Phone: 713-951-1016
Fax: 713-951-1199
jgarnett@sheehyware.com
-and-
Greenspoon Marder, P.A.
Richard W. Epstein
*Request for admission pro hac vice forthcoming*
Florida Bar No. 229091
Richard.Epstein@gmlaw.com
Jeffrey A. Backman
*Request for admission pro hac vice forthcoming*
Florida Bar No. 662501
Jeffrey.Backman@gmlaw.com
Roy Taub
*Request for admission pro hac vice forthcoming*
Florida Bar No. 116263
Roy.Taub@gmlaw.com
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL  33301
Tel:  (954) 491-1120
Fax: (954) 213-0140
*Attorneys for Defendant Edward Levitan*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 13, 2016, a true and correct copy of the foregoing was served via U.S. Mail on:

Paul Schumacher
1512 Oakview Street
Bryan, Texas 77802

*Plaintiff*

           */s/Joseph A. Garnett*
           Joseph A. Garnett